WHITE *v.* STATE OF INDIANA.

[No. 27,923.   Filed April 19, 1944.]

*T. Ernest Maholm* and *Ira M. Holmes,* both of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

RICHMAN, J.—Appellant was convicted of murder in the first degree and sentenced to life imprisonment. The only error assigned is overruling his motion for a new trial. The only question properly saved and presented by the briefs is the sufficiency of the evidence to sustain the verdict.

There is evidence that appellant learned about midnight that his wife to whom he had been unfaithful was also unfaithful to him; he took her with him to confront the other man, knocked him down with his fist and left; at 2 o'clock in the morning he borrowed a rifle, ostensibly to go squirrel hunting; during the

day he remained at home with her; early in the afternoon his wife's seventeen year old nephew called at the home and found him sitting in one room with his wife sewing in another room; the rifle was "sitting up beside appellant's chair"; the nephew started to pick it up, was told to leave it alone, that it was loaded; he asked appellant what he was going to do with it and he said "he was going to use it on that bitch sitting in the other room"; a quarrel ensued between appellant and his wife, and the nephew left the house at appellant's request; the wife was killed by two rifle bullets later in the afternoon; appellant called one of his friends about 9:30 that night asking him to come to the house, saying also that he had shot his wife; when the friend and three other persons arrived appellant was found with the rifle; he showed them the body and they left and notified the police; in conversations with four different officers and the deputy coroner who were at the house by 10:30 p. m. he said that he had shot his wife because she had told him she was in love with another man. Typical of this testimony concerning these conversations is the following of a detective sergeant, as abstracted in appellant's brief:

"When I arrived at 605 North Grant, I went in the front door which led into the living room, and in the next room back of that. I found three police officers and Bernard L. White, in the next room which was the dining room and would be the third room back. The body of Mary L. White was lying by the dining room table. She was dead. Bernard White was sitting on a small bench in the southeast corner of the second room near a small table there.

"I walked over to him and had a conversation with him. I asked him who the woman was that was shot and he told me it was his wife Mary L. White and that he had shot her in the stomach and the left breast along about four (4) o'clock that

afternoon when she told him that she was in love with some other man. He told me he shot her with a rifle, and identified the rifle that was there."

It is unnecessary to relate further details. The evidence occupies 1,100 pages in the transcript and the condensed recital thereof covers 100 pages in appellant's printed brief. By photographs of the scene before decedent's body was removed and testimony of the policemen, coroner and deputy coroner, all of the circumstances surrounding the crime were shown to the jury. There is nothing in the record that tends materially to contradict appellant's own reiterated story of the killing and his motive. The jury had ample evidence from which it could infer that appellant "purposely and with premeditated malice" killed his wife.

A special plea of insanity brought in issue appellant's mental capacity at the time of the shooting. Two physicians were appointed pursuant to § 9-1702, Burns' 1942 Replacement, § 2216, Baldwin's 1934, and prior to the trial made a written report, filed as a paper in the cause, upon which the judge based a finding that appellant had sufficient mental capacity to go to trial and make his defense. The report rehearsed conversations of the physicians with appellant and their observation of him during a conference for that purpose which was followed by several paragraphs entitled "Conclusions and Opinions" and two final paragraphs entitled "Diagnosis." The doctors testified at the trial. Cross-examining one of them appellant's attorney sought to introduce in evidence only that part of the written report entitled "Conclusions and Opinions." The State objected. Appellant insisted and, in the face of the court's statement that the remainder of the report might be introduced by the State, prevailed upon the court to admit the "Conclusions. . . ." When

later the State offered the remainder appellant objected that it was "immaterial" which was overruled. Then appellant moved to strike out and the court properly stated that appellant had "opened the door" and overruled the motion. The grounds of the motion then stated are not the grounds urged in this appeal. Obviously the report, if admissible at all, should have gone to the jury as an entirety for the opinions of the doctors could only be tested by the facts upon which they said their opinions were based. A party cannot complain of action he himself invites.

A challenge for cause was overruled in impaneling the jury. Afterwards the talesman was excused on appellant's peremptory challenge. Appellee says in its brief that appellant did not exhaust his peremptory challenges. In the reply brief is no denial of this statement. We shall assume that such was the case since there is no showing to the contrary by bill of exceptions or otherwise. If there was error it was harmless. *Kocher* v. *State* (1920), 189 Ind. 578, 127 N. E. 3.

A written and signed statement in the nature of a confession made the morning after the crime while appellant was in jail and before he employed attorneys was offered in evidence. Upon appellant's objection that it was involuntary the court excused the jury and heard all evidence offered by the parties. He found that there was no evidence of "threat, duress, intimidation or that the defendant was in fear at the time he made the statement." The evidence supports this finding. Even if there had been conflicting testimony, its weight would have been for his determination. There was no error in admitting the statement. *Hawkins* v. *State* (1941), 219 Ind. 116, 137, 37 N. E. (2d) 79, 87.

One instruction is challenged as erroneous. There was no objection below and therefore none is available on appeal. Rule 1-7. The instruction is quoted in appellant's propositions and concludes with a sentence to the effect that if he is found guilty of murder in the first degree the jury may "fix his penalty at death." The fact that the jury gave him life imprisonment, which is the only alternative penalty permitted by the statute, sufficiently indicates that the jury was not misled. Other adequate instructions were given as to permissible verdicts. Forms thereof were submitted to the jury. It could not have failed to understand therefrom the various offenses included in the indictment and the appropriate penalty if appellant was found guilty of either offense.

There was no error in overruling appellant's motion for a directed verdict at the conclusion of the State's case. Moreover any such error is waived when thereafter the defendant introduces evidence in his own behalf. *Fausett v. State* (1942), 219 Ind. 500, 39 N. E. (2d) 728. Since we have found the evidence sufficient to sustain the verdict there could be no error in overruling a similar motion for directed verdict at the conclusion of all the evidence.

Judgment affirmed.

NOTE.—Reported in 54 N. E. (2d) 106.