**Leonard F. DREW, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21023.**

United States Court of Appeals
District of Columbia Circuit.

June 26, 1967.

Mr. James S. Brocard, Washington, D. C., was on the brief for appellant.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., entered appearances for appellee.

Before BAZELON, Chief Judge, and WRIGHT and LEVENTHAL, Circuit Judges, in Chambers.

Chief Judge BAZELON did not participate in this opinion.

### JUDGMENT

PER CURIAM.

This cause came on for consideration on the record on appeal from the United States District Court for the District

---

5. Miller v. Plumley, D.C.Ct.App., 77 A.2d 173 (1950).

of Columbia and on consideration whereof and of the brief filed herein by appellant and of the pleadings filed herein by the parties, it is

Ordered and adjudged by this Court that the order of the District Court appealed from herein entered on May 24, 1967, is reversed and this case is remanded for further proceedings not inconsistent with this Court's opinion filed this date.

BAZELON, Chief Judge, did not participate in the foregoing judgment.

PER CURIAM:

Appellant was arrested on a charge of first degree murder. After being ordered detained pending action of the Grand Jury, he moved in the District Court for release on bond. The motion alleged that the underlying background was a dice game in which decedent flashed a switchblade knife when appellant told him to put down money he took from the pot. These allegations, renewed in this Court, have not been contested before us by appellee. Appellant's motion for release on bond was supported by an affidavit from his former employer and six letters attesting to his good character. The District of Columbia Bail Agency filed a report in which it recommended pre-trial release on personal recognizance.

After a full hearing, a District Court judge ordered appellant released pending trial upon the execution of a $5,000 personal bond and the deposit of 10% thereof ($500) in the Registry of the District Court. Approximately six weeks after appellant was thus released, he was indicted for first degree murder. At arraignment he entered a plea of not guilty. The District Court judge who accepted the plea ordered appellant committed to jail prior to trial, thereby revoking the earlier release order entered after a full hearing by another District Court judge. On appeal from that order, appellee sought and was granted an extension of time to file a brief. On the extended date, appellee filed a motion to remand and a motion for a further extension of time to file its brief should the motion to remand be denied.

Appellant contends that the District Court judge erred in that he "summarily and arbitrarily revoked the appellant's pre-trial bond without affording him a hearing * * *" at arraignment. The Government acknowledges "that the record is susceptible of the interpretation that the District Court did not consider the merits or exercise judgment as to whether this appellant should be released on bond."

■ A defendant in a capital case may be released prior to trial, 18 U.S.C. § 3148; Fed.R.Crim.P. 46(a). A District Court judge granted pre-trial release, upon execution of a $5,000 personal bond and deposit of 10% of that amount, only after a hearing. That order, like any order admitting to bail, can be revoked or modified, but "[p]roper showing of a reason for revocation or modification must be made." Cf., Christoffel v. United States, 89 U.S. App.D.C. 341, 347, 196 F.2d 560, 566 (1951).

■ The Government did not request or set forth any reasons for a revocation or modification of the bail order. There was neither a hearing nor a statement of reasons for modification or revocation of the earlier bail order. When the court sua sponte ordered appellant committed, defense counsel asked: "You are going to commit him?" The Court: "Yes. First Degree Murder." For all that appears, the action of the arraignment judge in revoking bail reflects merely a broad approach that such pre-trial release is unavailable in first degree murder cases, an approach clearly contrary to the statute. Accordingly, the order is reversed and the cause remanded with directions that appellant be released prior to trial subject to the conditions originally imposed. Should the Government feel that adequate grounds for revocation or modification of the conditions of pre-trial release

exist, it of course may make a proper motion which could be decided according to law.

Reversed and remanded for further proceedings not inconsistent with this opinion.

BAZELON, Chief Judge, did not participate in the foregoing opinion.