Vernon W. STINNETT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21021.

United States Court of Appeals District of Columbia Circuit.

Sept. 18, 1967.

Mr. John J. Dwyer, Washington, D. C. (appointed by this court), was on the brief for appellant.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and William Collins, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges, in Chambers.

1. In 1960, appellant was acquitted by reason of insanity on charges of assault with a dangerous weapon, unauthorized use of a motor vehicle, carrying a dan-

JUDGMENT

**PER CURIAM:**

This cause came on for consideration on the original and supplemental records on appeal from the United States District Court for the District of Columbia, and the Court having considered the records on appeal and the briefs of the parties, it is

Ordered and adjudged by the Court that this case is remanded for further proceedings in accordance with the attached opinion.

The Clerk is directed to transmit forthwith a certified copy of this judgment to the District Court.

TAMM, Circuit Judge, dissents from the foregoing order.

**PER CURIAM:**

Appellant, who is charged with first degree murder, appeals from the denial of his motion for pre-trial release. At the hearing on the motion, a psychiatrist testified that appellant was suffering from a "severe personality problem," and at times in the past had been "mentally ill." The doctor testified further that appellant had an "explosive temper" and "brittle" behavior controls. The doctor had "some questions" on whether appellant would be dangerous if released, but felt that appellant was definitely amenable to treatment and that his chances for recovery would be much greater if he were released. The district court judge concluded that appellant "might not likely be present when this matter were called * * * and, also, if he were released, he would present a great danger to the public." The order denying the motion recited that "defendant has a prior criminal record for violence and a prior history of mental illness,"[1] and

gerous weapon, and assault on a police officer. In 1963 he escaped from Saint Elizabeths Hospital and committed a robbery, for which he was convicted.

that "defendant is \* \* \* alleged to have stabbed the decedent to death with a knife."

■■ We think the failure to consider the possibility of a disposition other than a) release on conventional bail conditions or b) confinement in jail, constitutes a fundamental defect in the proceedings below. Though charged with a capital offense, appellant was entitled to be released on such conditions as were reasonably calculated to assure that he would not flee or pose a danger to the community, unless the district court judge had "reason to believe that no one or more conditions of release" would provide such assurance. 18 U.S.C. § 3148 (Supp.1966). The court's determination that appellant was likely to flee and/or pose a danger to the community was largely based on appellant's history of mental illness. But the record reveals no consideration of conditions of release directed to that problem. Without consideration of alternatives to conventional bail conditions, the district court judge could have no reason for believing that there were "*no* [satisfactory] conditions of release." Logic, humanity and law require such consideration in this case, in an effort to avoid frustration of appellant's chances for recovery.

We therefore remand for reconsideration of appellant's motion for release, after a supplemental hearing to determine whether facilities exist for accommodating the needs of appellant and the community. The court may require both counsel to present information on a wide range of alternatives, including, but not limited to: confinement in a hospital or other institution capable of providing both treatment and supervision; confinement in such an institution with provision for daytime release in a supervised work program; or release into the community with provision for outpatient care and custodial supervision.[2]

TAMM, Circuit Judge, dissents from the foregoing opinion.

2. Compare Lake v. Cameron, 124 U.S.App.D.C. 264, 364 F.2d 657 (1966).