**UNITED STATES of America**
v.
**Gennaro J. COPPOLA and John W. Connelly (two cases).**
**Crim. Nos. 11932, 12085.**

United States District Court
D. Connecticut.
Feb. 5, 1968.

See also D.C., 276 F.Supp. 993.

Samuel J. Heyman and J. Daniel Sagarin, Asst. U. S. Attys., New Haven, Conn., for the United States.

Howard A. Jacobs, of Jacobs, Jacobs, Grudberg & Clifford, New Haven, Conn., for defendant Coppola.

David E. Fitzgerald, Jr., New Haven, Conn., for defendant Connelly.

TIMBERS, Chief Judge.

On January 29, 1968 defendants Gennaro J. Coppola and John W. Connelly, upon their convictions by a jury on December 29, 1967 on the three counts of the above indictments, were sentenced to substantial terms of imprisonment and were fined. Coppola was sentenced to concurrent terms of imprisonment of 10 years for violation of 18 U.S.C. § 2314 (transporting stolen securities from New York City to Bridgeport and Fairfield, Connecticut); of 10 years for violation of 18 U.S.C. § 2315 (receiving, concealing, disposing of and pledging as security for a loan, said stolen securities); and 5 years for violation of 18 U.S.C. § 371 (conspiring to transport said stolen securities from Connecticut to other states). Coppola also was fined a total of $30,000 upon his convictions on each of these counts. Connelly was sentenced to concurrent 5 year terms of imprisonment and was fined a total of $15,000 upon his convictions on each of these counts.

Immediately after defendants were sentenced, the government moved, pursuant to 18 U.S.C. § 3148, that both defendants be held without bond pending appeal on the grounds that there is "reason to believe that no one or more conditions of release [specified in 18 U.S.C. § 3146(a)] will reasonably assure that the [defendants] will not flee or pose a danger to any other person or to the

community," and any appeals would be "frivolous or taken for delay."

A hearing was held at which defendants were present and represented by counsel. Briefs have been filed by counsel for all parties.

█ Upon the present state of the record, the Court finds that, while the government undoubtedly has made a sufficient showing to warrant the Court in ordering defendants detained without bond pending appeal pursuant to 18 U.S. C. § 3148, nevertheless the Court finds that the present record fails by a hairsbreadth to qualify the instant case as the extraordinary case in which bail pending appeal should be denied—the "extraordinary case" standard being one to which this Court adheres in the exercise of its discretion under 18 U.S.C. § 3148. Compare United States v. Ursini and Capaldo, 276 F.Supp. 993 (D.Conn.1967) (bail pending appeal denied by District Court on November 27, 1967 and by Court of Appeals on November 29, 1967); United States v. Reed, Criminal No. 11,978 (D.Conn. March 7, 1968).

█ Accordingly, subject to defendants' complying with the special conditions of release hereinafter specified, the government's motion that defendants be held without bond pending appeal is denied upon the present state of the record, but with leave to the government to renew the motion either in this Court or in the Court of Appeals in the event subsequent developments warrant renewal of the motion.

### ORDER

ORDERED that:

(1) Defendants Coppola and Connelly may be enlarged pending appeal upon their $75,000 and $10,000 bail bonds, respectively, heretofore posted by said defendants, subject however to the following special and additional conditions of release:

    (a) That each defendant shall comply in all respects with the usu-

al, separate "ORDER ENLARGING DEFENDANT ON BAIL PENDING APPEAL", entered herein today and specifying the time-table for prosecution of the appeals.

    (b) That each defendant, while enlarged pending appeal and until final judgment is entered pursuant to said appeals, in addition to other territorial limitations specified in their bail bonds, shall not enter the City of Bridgeport, Connecticut, or the Town of Fairfield, Connecticut, and shall not directly, or indirectly, contact, or attempt to contact, Anthony Testo, one of the witnesses who testified on behalf of the government at the trial of the instant cases.

    (c) That, not later than Wednesday, February 7, 1968, at 4 P.M., an appropriate undertaking, the form and substance of which is to be approved by this Court, shall be filed in the office of the Clerk of this Court by the terms of which each defendant, and his surety, shall expressly incorporate in his respective bail bond the special and additional conditions of release set forth in paragraphs (1) (a) and (1) (b) of this Order.

(2) If the undertaking ordered to be filed in paragraph (1) (c) of this Order is filed within the time therein specified, by defendants or either of them, then as to that defendant or defendants the government's motion to hold defendants without bond pending appeal is denied, subject to the leave granted above.

(3) If defendants or either of them fail within the time specified to file the undertaking ordered in paragraph (1) (c) of this Order, then as to that defendant or defendants the government's motion is granted and said defendant or defendants shall surrender to the

United States Marshal, United States Courthouse, New Haven, Connecticut, not later than Wednesday, February 7, 1968, at 4 P.M.