**John Phillip McCLARD, Carroll Franklin Simmons and Verlon Hershel Ussery, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 18792.

United States Court of Appeals
Eighth Circuit.

Aug. 30, 1968.

Before BLACKMUN, GIBSON, and LAY, Circuit Judges.

PER CURIAM.

The Court has considered a motion filed by appellants, McClard and Ussery, requesting reduction of bond or release pending action by the Supreme Court of the United States on their petition for writ of certiorari. Being fully advised in the premises it is now here ordered that the motion be, and it is hereby, denied.

LAY, Circuit Judge (dissenting).

I respectfully dissent from this court's order denying petitioners' motion for reduction of bond and/or release on a personal recognizance bond. I feel that petitioners' motion should be remanded to the district court and the district court should set forth its reasons for denial of petitioners' motion in full compliance with the Bail Bond Act. Section 3146(d) provides:

"(d) A person for whom conditions of release are imposed and who after twenty-four hours from the time of the release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, he entitled to have the conditions reviewed by the judicial officer who imposed them. Unless the conditions of release are amended and the person is thereupon released, *the judicial officer shall set forth in writing the reasons for requiring the conditions imposed.* A person who is ordered released on a condition which requires that he return to custody after specified hours shall, upon application, be entitled to a review by the judicial officer who imposed the condition. Unless the requirement is removed and the person is thereupon released on another condition, *the judicial officer shall set forth in writing the reasons for continuing the requirement.* In the event that the judicial officer who imposed conditions of release is not available, any other judicial officer in the district may review such conditions." (My emphasis.)

When the Bail Bond Act of 1966 was being debated in the House, Congressman Rogers of Colorado said:

"The objective of this legislation is to authorize and compel the bailing officer to place in writing his reasons for imposing the conditions, and to give the defendant, or the person charged with the crime, an opportunity to appeal the decision. At the present time it is very difficult sometimes to ascertain what reasons the judge or committing magistrate may have used in placing these conditions." 112 Cong. Rec. 11892.

I am fully appreciative that the above language is more directed to the person accused of a crime and not the person convicted. However, notwithstanding the substantial difference in considerations relating to conditions of release for persons accused and persons convicted, § 3148 nevertheless makes § 3146 presumptively applicable to a person convict-

ed of an offense who has filed a petition for writ of certiorari.[1]

Although § 3148 provides that right of review under § 3147 does not apply to convicted persons nevertheless the standards relating to release under § 3146 do attach pending an appeal or petition for certiorari. And an individual covered by § 3148 can still file an appeal from the decision of the lower court based upon clear abuse of discretion. See Stack v. Boyle, 342 U.S. 1, 13, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (opinion of Justice Jackson.) Cf. Stinnett v. United States, 387 F.2d 238 (D.C.Cir.1967); Drew v. United States, 127 U.S.App.D.C. 362, 384 F.2d 314 (1967).

Although the court is given broad discretion under § 3148 to deny bail, I still conclude that it was the intent of Congress that a court treat a convicted person's motion for review of bail pending an appeal or a petition for certiorari under § 3148, in the same careful manner for those prior to trial, even though none of the direct review provisions under § 3147 apply. Thus under § 3146, the district court should detail more than a mere conclusion in his order of continued detention. See, e. g., the detailed orders and opinions relating to denial of release under § 3148 in United States v. Erwing, Jr., 280 F.Supp. 814 (D.C.N.D.Cal.1968); United States v. Cuppola et al., 280 F. Supp. 192 (D.Conn.1968); United States v. Ursini, Jr., et al., 276 F.Supp. 993 (D.Conn.1967).

I would remand petitioners' motion to the district court for a more articulate order. Without relevant facts set forth, I do not see how this court can grant any meaningful review of the motion involved.

---

1. "§ 3148. Release in capital cases or after conviction.
   "A person (1) who is charged with an offense punishable by death, or (2) who has been convicted of an offense and is either awaiting sentence or has filed an appeal or a petition for a writ of certiorari, shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained. The provisions of section 3147 shall not apply to persons described in this section: *Provided,* That other rights to judicial review of conditions of release or orders of detention shall not be affected."