MICHAEL VACENDAK *v.* STATE OF INDIANA.

[No. 973S180. Filed November 2, 1973.]

318

R. *Cordell Funk, Sachs & Hess,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a denial of a petition for writ of habeas corpus in a criminal case. The appellant had been charged in the Lake Superior Court with the crime of kidnaping. At the time of his arrest bail was set at $50,000 in accordance with the bond schedule then existing in the Lake County courts. Appellant then petitioned the court for a reduction of bond. After a hearing, the court reduced the bond to $5,000. The bond was immediately posted, and the appellant released.

Some eight days later, the State filed a motion with the court to increase the bond to the original amount of $50,000. Attached to the State's petition were various exhibits indicating that the appellant had been harassing the alleged kidnap victim, and since his release on bond the appellant had been arrested for disorderly conduct. The facts of that arrest were alleged to be that police had answered a call that a

person in a described automobile with no license plates was acting suspiciously. When the police arrived at the scence, they found the automobile in question, but the appellant was not present. Police called a tow truck in an effort to tow the automobile away, at which time the appellant appeared, and became very irrational and abusive to the tow truck driver. When the police officers attempted to intervene, the appellant refused to get out of his car which he had entered in the meantime. When the officers attempted to forcibly remove him, he kicked one of them in the chest. During this time he continued to scream and shout irrationally. There was also a report attached to the State's petition showing that some three days after the incident above referred to, the appellant was stopped by police for driving a car with no plates and having no driver's license. At the time he was stopped, he was wearing a bayonet on his hip.

It is stipulated between the parties that upon the filing of the petition of the State for the increase in bond, the trial court summarily increased the bond without any notice to the appellant or his attorney or any hearing thereon.

It is appellant's position that due process requires that a hearing be had upon an application of the State to increase the amount of bond. With this we agree. In *Drew* v. *United States* (1967), 384 F. 2d 314, the United States Court of Appeals for the District of Columbia held that it was within the judge's prerogative to increase the amount of bond in a particular case, but that he must do so only after a proper showing of a reason for revocation or modification.

In the *Drew* case the Court of Appeals reversed the trial court's order and remanded the cause with directions that the appellant be released prior to trial upon his original bond previously executed. However, the case at bar differs from the *Drew* case in that in *Drew* the government had not filed a petition for revocation or modification, but the court had summarily revoked appellant's pre-trial bond without

a petition from the government or a hearing upon the facts. In the case at bar the State did file a petition asking for the increase in bond and did present allegations of fact for the court's consideration.

We, therefore, hold that the trial court erred in failing to give notice to the appellant or his attorney and to set a hearing to afford the appellant an opportunity to hear the State's evidence and rebut the same. In so holding we do not mean to imply that the trial judge cannot in the exercise of his sound discretion order the immediate arrest of a defendant upon information that would indicate he should not be permitted to remain at large on a posted bond. For instance, a court should never be in the position of being unable to prevent a defendant from leaving the jurisdiction while he was on bond awaiting trial. Our holding today is that a defendant is entitled to a hearing on the increase of his bond. Due process has been served if this hearing occurs within a reasonable time after his arrest on order of the trial court.

We do not agree with the appellant's position that this Court should order appellant released on bond. As above pointed out, the factual allegations made by the State in its petition to increase the bond are matters which must be decided by a fact finding tribunal, in this case the trial court. This Court is not equipped nor is it our function to attempt to determine these factual allegations in arriving at a conclusion as to whether or not appellant should be released on $5,000 bond now posted or whether he should be re-arrested and placed under a higher bond.

It is our decision, therefore, that this matter should be remanded to the trial court with instructions for the trial court to give notice to the appellant and his attorney of a hearing to be held upon the State's application for increase in bond and for the trial court to make its determination upon the State's application after such hearing.

The appellant raises an additional question in this case

that. the. matters stated in the State's petition, even if true, are not facts which would authorize the trial court to increase the bond. Appellant relies primarily on the case of *Hobbs* v. *Lindsey* (1959), 240 Ind. 74, 162 N. E. 2d 85. Appellant cites the *Hobbs* case for the proposition that excessive bail is not to be required for the purpose of preventing the prisoner from being admitted to bail, but it is solely for the purpose of insuring appellant's presence in court at the time of trial. We agree with the statements made in the *Hobbs* case, but do not agree with the application of those statements to the case at bar.

One of the primary considerations in the fixing of bond is the reliability of a defendant and the likelihood of his recognition of the court's authority to bring him to trial at a particular time.

In the case at bar, if the allegations of the State were to be established as true (a matter which we are in no way determining at this time), the trial court would have justification for exercise of his discretion in increasing the bond. The allegations of the State, if true, would demonstrate instability on the part of the appellant and a disdain for authority which the trial court within his discretion might well determine was sufficient to indicate that the appellant did not recognize the authority of the court to bring him to trial.

The State claims that since the appellant has asked for a continuance in the trial of his case, he has thus contributed to his continued incarceration in that had he not asked for a continuance the trial would have been had and the question of the amount of his bond would have become moot. We do not agree with the State in this observation. Appellant's requested continuance was for the stated purpose of the preparation for trial, including additional discovery, which could not be completed by trial date. The amount of bond is in no way connected with the appellant's right to time for full preparation of his defense. We will not jeopar-

dize the appellant's defense by holding that he has forfeited his right for a review of the amount of bond by asking for a continuance.

The appellant very well may be entitled to a continuance and to a reduction of bond pending trial after such continuance.

We, therefore, hold the appellant did not waive his right to a hearing on the State's application for increase of bond merely because he filed a motion for continuance. The State cites *White* v. *State* (1944), 222 Ind. 423, 54 N. E. 2d 106. However, the *White* case is not supportive of the State's position. In that case this Court merely held that a party cannot complain of an action which he himself invites. The question there turned on whether or not a document could be read into evidence in its entirety when the appellant had introduced a portion of the document into evidence.

The State has filed a verified petition for writ of certiorari asking that the record of the trial court be brought up to establish the fact that appellant had asked for a continuance. In view of our holding in this matter, the record of the trial court as to the continuance is not necessary.

The State's petition for writ of certiorari is, therefore, denied.

This cause is remanded with instructions for the trial court to hold a hearing on the State's petition for increase of bond, after notice to the appellant and his attorney.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 302 N. E. 2d 779.