LESLIE HUGHES *v.* SHERIFF OF VIGO COUNTY.

[No. 877S576. Filed March 7, 1978.]

*William K. TeeGuarden,* Vigo County Public Defender, of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Jane M. Gootee,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant filed a petition for habeas corpus after his bond had been raised in a criminal action. The trial court denied the petition. It is from that order of the court that appellant appeals.

Appellant was charged with first degree burglary. On November 24, 1976, he was released on a $5,000 bond. On June 22, 1977, the court examined appellant's record and found that during the time he had been on bond he had been adjudged guilty of auto theft and that an unfiled information against him for aggravated assault and battery had been received. The judge then determined that the $5,000 bond was insufficient and raised the bond to $10,000. Appellant now claims the trial court abused its discretion in summarily raising his bond sua sponte when he had appeared regularly in court as required.

He relies upon *Vacendak* v. *State,* (1973) 261 Ind. 317, 302 N.E.2d 779. In that case this Court remanded to the trial court for hearing where the trial judge had summarily increased defendant's bail upon application by the State. In so doing we held that upon a motion by the State to increase the accused's bail, due process requires adequate notice in a hearing at which the accused is afforded the opportunity to hear the State's evidence and to present rebuttal evidence. *Vacendak* does not imply that a

prerequisite to an order increasing bail is the filing of a petition by the State. In *Vacendak* we stated:

> "In so holding we do not mean to imply that the trial judge cannot in the exercise of his sound discretion order the immediate arrest of a defendant upon information that would indicate he should not be permitted to remain at large on a posted bond. For instance, a court should never be in the position of being unable to prevent a defendant from leaving the jurisdiction while he was on bond awaiting trial. . . ." 261 Ind. at 320, 302 N.E.2d at 781.

The trial court may raise bond in his sound discretion at any time so long as the requirements of notice and due process hearing are met. In the case at bar a hearing was conducted in which the trial judge considered the juvenile record and the arguments of defense counsel. Hence the trial court complied in all respects with the requirements of the *Vacendak* case.

In addition, one of the primary considerations in fixing a bond is the reliability of the defendant and the likelihood of his recognition of the court's authority to bring him to trial at a particular time, as stated in *Vacendak*. In the case at bar the charges against the appellant and his conduct while on the lower bond were all factors which would justify the trial judge in raising the bond as he did.

The trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 373 N.E.2d 144.