John D. WILLIAMS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1179 S 325.

Supreme Court of Indiana.

March 11, 1981.

Stuart T. Bench, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a jury trial of Burglary, a Class B Felony, Ind.Code § 35–43–2–1 (Burns 1979), Robbery, also a Class B Felony, Ind.Code § 35–42–5–1 (Burns 1979), and Rape, a Class A Felony, Ind.Code § 35–42–4–1 (Burns 1979). He was sentenced to twenty (20) years imprisonment on the Burglary conviction, ten (10) years imprisonment on the Robbery conviction and forty (40) years imprisonment on the Rape conviction. The sentences for Burglary and Rape were to run consecutively, while the sentence for Robbery was to run concurrently.

This direct appeal presents the following issues:

(1) Whether the trial court erred in denying the defendant's motion for bond reduction;

(2) Whether the trial court erred in denying the defendant's motion for additional discovery;

(3) Whether the trial court erred in granting the State's motion for a protective order;

(4) Whether the trial court erred in refusing to order the divulgence of an "informant's" identity;

(5) Whether the trial court erred in granting the State's motion in limine;

(6) Whether the trial court erred in denying the defendant's challenge to one of the jurors for cause;

(7) Whether the trial court erred in admitting evidence of Defendant's other criminal activities;

(8) Whether the trial court erred in denying the defendant's motion for judgment on the evidence; and

(9) Whether the sentences upon the Burglary and Rape convictions were excessive and unreasonable.

\* \* \* \* \* \*

## ISSUE I

On February 2, 1979, an information was filed against the defendant and bond was set at $110,000, in accordance with the Marion County bond schedule. The defendant moved to reduce his bond on February 6 and a hearing was held upon that motion the next day. It was determined at the hearing to reduce the bond to $20,000, and the defendant also entered a plea of not guilty. Thereafter, Defendant posted bond and was released.

On March 7, the defendant's trial was set for June 4.

On March 22, Judge Daugherty ordered a hearing for March 30 for reconsideration of the previous reduction in bond. The defendant opposed the order, and on March 29 moved for a change of judge. At the March 30 hearing, Judge Daugherty, over the defendant's objection, premised on the Judge's lack of jurisdiction, reset Defendant's bond at $110,000. But, on April 2, the change of judge motion was granted, and the case was transferred to Judge Tranberg. Defendant, thereafter, moved for a reduction in bond before Judge Tranberg, who denied the motion.

Defendant contends that the bond was excessive and that, because he was unable to meet it, his ability to aid the defense was diminished. He also argues that Judge Daugherty was without jurisdiction to increase the amount, inasmuch as a motion for a change of judge was pending.

■ We need not consider the defendant's challenge to Judge Daugherty's jurisdiction. The defendant's motion for a change of judge was ultimately sustained and another bond reduction hearing was held before Judge Tranberg. Thus, the defendant had the amount of his bond considered upon its merits and determined by a judge, who, without question, possessed jurisdiction. The matter lay within his sound discretion. See Hughes v. Sheriff, (1978) 268 Ind. 21, 373 N.E.2d 144. See also Vacendak v. State, (1973) 261 Ind. 317, 302 N.E.2d 779.

## ISSUES II & III

The defendant was originally charged with two rapes, which were two of six recent incidents known as the "southside" rapes. The defendant sought and received complete discovery as to the two rapes with which he was charged. However, on March 26, 1979, he moved for additional discovery with regard to the other four rapes. Specifically, he sought all the reports made by the Indianapolis Police Department, the Marion County Sheriff's Department, the Indiana State Police Department and the Marion County Prosecutor's office with reference to the other four rapes. The State opposed the motion and moved for a protective order. The trial court held a hearing on the matter on May 10, 1979 and denied the defendant's motion.

The defendant now contends that the trial court erred in denying the motion. He asserts that the information sought was material to the defense, because if it could have been shown that the other four rapes were committed by someone other than the defendant, then it was less likely that he committed the two rapes with which he was originally charged. The defendant also contends, for the same reason, that the trial court erred in granting the State's motion for a protective order.

We have assiduously combed the record in an attempt to determine whether the trial court granted the State a protective order. While our attempt was futile, we perceive the trial court's denial of the defendant's motion for additional discovery to be tantamount to a granting of a protective order. Accordingly, the two issues have been merged.

■ The scope of criminal discovery generally lies within the sound discretion of the trial court. *Vaughn v. State*, (1978) 269 Ind. 142, 378 N.E.2d 859. Discovery will normally be afforded when the defendant (1) sufficiently designates the items he seeks, and (2) demonstrates the materiality of those items, unless the State establishes a paramount interest in non-disclosure. *E. g., Brandon v. State*, (1978) 268 Ind. 150, 374 N.E.2d 504. In the instant case, we have not been persuaded that there is any basis for a substantial belief that the information would have been beneficial to the defense. Moreover, the interest of the State in maintaining confidentiality with respect to an on-going police investigation is self-evident. Thus, the trial court did not abuse its discretion in denying the defendant's motion for additional discovery.

## ISSUE IV

The defendant next assigns error to the trial court's refusal to compel the disclosure of an "informant's" identity. The "informant" had contacted the police and told them that the defendant may have been involved in the "southside" rapes. The police responded by including the defendant's photograph in a photographic array displayed to three of the rape victims, two of whom selected the defendant's picture as depicting one of their assailants. Defendant contends that the "informant's" identity was necessary for investigative purposes, with a view toward a potential motion to suppress the identifications. We do not agree.

■ In this case, the only effect of the information was to prompt the inclusion of Defendant's photograph in an array. The identifications did not in any way hinge upon the credibility of the informant and Defendant could have gained nothing from knowing his identity. *McCulley v. State*, (1971) 257 Ind. 135, 272 N.E.2d 613.

## ISSUE V

Defendant contends that the trial court erred in granting the State's motion *in limine* prohibiting disclosure to the jury of the results of a polygraph examination which had been given to the defendant. The defendant had earlier undergone another polygraph examination, under an agreement that the results could be admitted into evidence. He submits that such stipulation "carried over" to the second polygraph examination, but we do not agree.

At the outset, we note that the record is devoid of a valid stipulation to the admissibility of the results of the first polygraph examination. Although the record contains a writing which purports to be a stipulation of admissibility, it does not bear the signature of a representative of the State.

■ Assuming the validity of the purported stipulation, however, there is no basis for concluding that it was intended to extend to the second examination, which had been arranged by Defendant without prior approval of the State and administered without any participation on behalf of the State, by a private examiner.

## ISSUE VI

■ The defendant next contends that the trial court erred in denying his challenge for cause to one of the jurors. The challenge was based upon the alleged bias or prejudice of the juror, see Ind.Code § 35–1–30–4(11) (Burns 1979), in that she had admitted having once been the victim of a burglary or robbery. The contention is without merit, as the juror also swore that she would be able to give the defendant a fair trial. There is no basis in the record for concluding that she violated her oath.

## ISSUE VII

The defendant next contends that the trial court erred in admitting evidence of his other criminal activities. As stated hereinbefore, the defendant was originally charged with two counts of rape. However, pursuant to his motion, the two were separated for trial. One rape occurred on December 27, 1978 and the other on January 4, 1979. The case before us relates to the December 27 offense, and the defendant asserts that the trial court erred in admitting testimony that he committed the January 4th rape.

■ The evidence was admissible under the "common scheme or plan" exception to the general rule excluding evidence of an accused's other crimes. "This exception requires much more than mere repetition of similar crimes; 'The device used must be so

unusual and distinctive as to be like a signature.'" Biggerstaff v. State, (1977) 266 Ind. 148, 152, 361 N.E.2d 895, 897 (quoting Riddle v. State, (1976) 264 Ind. 587, 597, 348 N.E.2d 635, 641; C. McCormick, Evidence § 190 at 449 (2d ed. 1972)). In the case at bar, this stringent standard was satisfied. In both rapes, (1) two men were the assailants, (2) one man wore a ski mask, while the other wore a red-hooded sweatshirt tied around his face, (3) the attacks were preceded by middle-of-the-night obscene phone calls, (4) the victims' husbands normally worked nights, (5) the attacks occurred in the middle of the night, (6) entry was effectuated by prying open the back door, (7) the back door was left open following the attack, (8) a butcher knife was used to intimidate the victim, (9) the victims' hands were tied, (10) the bedroom phone wires were severed and (11) personal property of the victims was taken. Because of the similarities in the two crimes, together with their proximity in point of time, the evidence was relevant to the identification of the perpetrator and admissible.

## ISSUE VIII

The defendant asserts that the trial court erred in denying his motion for judgment on the evidence at the close of the State's case-in-chief. In support thereof, he submits that the State did not prove that it was the defendant who actually consummated the rape.

■ While the matter may be deemed waived because the defendant submitted evidence subsequent to the denial of his motion, e. g., Parker v. State, (1976) 265 Ind. 595, 358 N.E.2d 110, we, nevertheless, have considered the contention and find it to be without merit. Under Ind.Code § 35–41–2–4 (Burns 1979), one who aids or induces the commission of an offense, commits that offense. Thus, it is of no moment whether the defendant actually perpetrated the rape, so long as he participated in it. See, e. g., Webb v. State, (1977) 266 Ind. 554, 364 N.E.2d 1016. The State's evidence amply demonstrated the defendant's participation.

## ISSUE IX

The defendant's final contention is that the sentences imposed upon the Rape and Burglary convictions are excessive and unreasonable. He submits that the trial court did not substantiate the enhanced sentences for the Rape and Burglary convictions with a statement of reasons. Further, he asserts that the trial court erred in denying him a psychiatric evaluation and in failing to take into account his "no prior felony" record.

 Contrary to the defendant's contention, the trial court did make a statement of reasons in support of the enhanced sentences as required by Ind.Code § 35–50–1A–3 (Burns 1979). *See Page v. State*, (1980) Ind., 410 N.E.2d 1304. The criteria enumerated by the trial court were the nature of the offenses, the threat to human life that the offenses engendered generally and the specific threat made on the life of the victim's child. The sentences were within the ambits of the sentencing provisions of the criminal code and can not be viewed as manifestly unreasonable. *See* Ind.R.App.Rev.Sen. 2.

Although the defendant set forth the denial of his motion to have an additional person with him at counsel table in his Statement of Issues, he has presented no argument thereon. Ind.R.App.P. 8.3(A)(7).

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.