**Herbert Brooks HOWARD, III, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1280S456.**

Supreme Court of Indiana.

April 6, 1982.

Wendall W. Mayer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Herbert Brooks Howard, III, defendant-appellant, was charged with and convicted of burglary, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), and theft, Ind.Code § 35–43–4–2 (Burns 1979 Repl.). The trial court sentenced Howard to twenty years' imprisonment on the burglary charge and two years' imprisonment on the theft charge, the sentences to be served concurrently with each other and with a sentence he was already serving in Kentucky.

This appeal follows denial of a motion to correct errors and raises three issues:

(1) Whether the defendant was denied his right to a speedy trial under the Interstate Agreement on Detainers, or under the Indiana and United States Constitutions.

(2) Whether the evidence was insufficient to prove burglary.

(3) Whether the evidence was insufficient to prove theft.

I.

On January 25, 1978, several items were stolen from the apartment of Leatrice Shepard. The defendant was arrested for the crime that day and was originally charged in Marion Municipal Court. In May, 1978, that court dismissed the charges and directed the prosecutor to refile them in Marion Criminal Court. The charges were then filed in Marion Criminal Court on June 7, 1979. In the meantime the defendant had begun serving a prison sentence in Kentucky.

The defendant claims that he was denied his right to a speedy trial as it is provided for in the Interstate Agreement on Detainers, Ind.Code § 35–2.1–2–4 (Burns 1979

Repl., repealed effective September 1, 1982) and as guaranteed by the Sixth Amendment to the United States Constitution and by Art. 1, § 12 of the Constitution of Indiana.

■ Concerning the claim under the Interstate Agreement, the defendant in his brief asserts that he initiated a request for disposition of the Indiana charge on August 7, 1979, triggering the running of a one hundred-eighty-day time period within which the State was required to bring the defendant back to Indiana for trial. The record, however, does not support this allegation, or an alternate allegation that the triggering date was August 30, 1979. On appeal the burden is on the appellant to establish his claims. In this case the defendant has failed to meet this burden. The claim under the Interstate Agreement on Detainers is therefore foreclosed because the defendant cannot identify the dates crucial to a determination of the issue.

■ Turning to the constitutional claims, we are similarly unable to review them because the defendant has not met his burden of establishing his claims. In *Barker v. Wingo*, (1972) 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the United States Supreme Court enunciated four factors to be considered in determining whether the Sixth Amendment right to a speedy trial had been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. A five-year delay in that case was not a violation of the speedy trial right in light of defendant Barker's failure to assert his rights and his inability to demonstrate prejudice as the result of the delay. The Supreme Court had earlier considered the case of the defendant imprisoned in one state who seeks disposition of a criminal charge pending in another state, *Smith v. Hooey*, (1969) 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. "Upon the petitioner's demand, [the state has] a constitutional duty to make a diligent, good faith effort to bring him before the . . . court for trial." *Id.*, 393 U.S. at 383, 89 S.Ct. at 579. In *Smeltzer v. State*, (1970) 254 Ind. 165,

258 N.E.2d 647, following the guidelines of *Smith v. Hooey, supra*, this Court announced that, in the case of accused persons incarcerated outside Indiana, the following factors were to be considered: (1) the length of time that transpires between the demand by the accused for a speedy trial and the initiation of action by the proper Indiana authorities for the accused's return; (2) the procedures followed by the state in seeking release from the jurisdiction in which the accused is incarcerated; and (3) compliance by state officials with pertinent statutes of Indiana and the other jurisdiction. The defendant has not presented a reviewable claim because in connection with the first factor there is an insufficient record as to when, if ever, he made a demand for a speedy trial.

## II.

The next claim is that the evidence on the burglary charge was insufficient to support the defendant's conviction. The burglary statute provides:

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any other person." Ind. Code § 35–43–2–1 (Burns 1979 Repl.)

Two points are advanced in support of this claim. First, the defendant claims that the State failed to present any evidence showing that defendant broke into the apartment. Second, he claims that there was no evidence of an intent to commit a felony.

As to the first point, the defendant argues that the record reveals no direct or circumstantial evidence that the door to the apartment was closed before he entered it. A witness testified that the door was open when he pursued the defendant, and that he saw pry marks on the door, although the witness could not tell whether they were

fresh marks, and he stated that most of the doors in the apartment complex had pry marks on them.

The State claims that circumstantial evidence and inferences from the testimony proved the element of breaking.

In reviewing claims of insufficiency, this Court neither weighs the evidence nor resolves questions of credibility, but only looks to the evidence and reasonable inferences therefrom that support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657; *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890.

On the element of breaking and entering, the evidence revealed that the defendant was seen trying to get into another apartment at the same complex within minutes of the charged burglary, by opening the lock with a screwdriver. When a security guard cornered the defendant after the defendant was seen leaving the apartment he was charged with burglarizing, he found a screwdriver on him.

Leatrice Shepard, the tenant of the apartment, testified that she lived there alone, had left it in the morning to go to work, and had given no one permission to enter it. She said that when she returned in the evening she discovered that the apartment had been broken into and ransacked.

The evidence that the defendant had entered another apartment minutes earlier by using screwdriver; that he was in possession of a screwdriver when confronted in the Shepard apartment; and that there were pry marks on the door is circumstantial evidence that the defendant broke and entered the apartment. In addition, there was other circumstantial evidence supporting the inference that the defendant broke into and entered the apartment: Shepard had personal property in the apartment which she would not expose to theft by

leaving the door entirely open, and the incident occurred in the winter, when the door would have been closed against the cold.

From this evidence the jury could have inferred that the door was closed and that the defendant opened it. A breaking is proved by showing that even slight force was used to gain unauthorized entry, including opening an unlocked door. *Willard v. State*, (1980) Ind., 400 N.E.2d 151, 160.

On the element of intent to commit a felony, the evidence reveals that the defendant was seen leaving the apartment carrying a gun and paper bag. He dropped the bag during the chase, entered a car, and fled. The apartment's back door was ajar and several items were seen piled on the couch. The tenant of the apartment testified that she found her apartment ransacked when she returned home later that evening. She authorized no one to enter her apartment that day. She identified a camera case and some eight-track tapes found in the sack dropped by the defendant as her property, missing from her apartment. This evidence, along with the reasonable inferences therefrom that the jurors were entitled to draw, was sufficient proof of the elements of breaking and entering, and of intent to commit a felony.

### III.

Finally, the defendant claims that there was insufficient evidence to prove a theft. This claim focuses on the paper bag that the defendant allegedly carried from the apartment. The contents of the bag were introduced into evidence at trial as State's Exhibit No. 2. The defense objected to admission of the exhibit on the grounds that the State failed to show a chain of custody of the items. Initially, the defendant's brief argues that the court erred in overruling the defense objection. Later, however, the defendant abandons this claim by conceding that

"Certainly, in this case [the owner] identified the tapes and camera bag as hers, and they are probably of the type which normally would be classified as non-fun-

gible or readily identifiable. There was also other identification of the tapes and camera bag as the items turned over the State Police Officer."

These facts, the defendant contends, showed only that the burglary victim was the owner of the property, and did not show that the defendant exerted unauthorized control over them. After the defendant dropped the bag there was a ten or fifteen minute period during which there could have been a tampering with, or substitution of, the contents of the bag. The defendant argues that the facts in this case are similar to those in *Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193, a case in which we said that it was error for the trial court to have admitted evidence of items found in a car which had been towed by police to a public storage lot where it was searched forty-eight hours later. Because the lot was accessible to the public and the car was not locked, and because the State did not present evidence to negate the possibility that the items were placed there after impoundment, the evidence should not have come in.

The State was required to prove that the defendant knowingly or intentionally exerted unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use. Ind.Code § 35–43–4–2 (Burns 1979 Repl.) The evidence shows that two witnesses saw the defendant leave the apartment carrying a paper bag. The defendant dropped the bag and it was left on the ground for several minutes while a security guard chased the defendant. There was testimony that the paper bag was recovered by the security officer who kept it until he handed it over to a State Police detective who initialed the items from the bag and placed them in the police property room. At trial, the detective identified the items as those he received from the security officer and placed in the police property room. The apartment tenant identified them as hers.

Unlike the case in *Swope, supra,* the evidence here shows that there was continuous and uninterrupted possession of the items once the police officials obtained possession of them.

The chain-of-custody foundation is not required for periods before the evidence comes into the possession of law enforcement personnel. *Williams v. State*, (1978) 269 Ind. 265, 379 N.E.2d 981. Even if the security guard is considered to be a law enforcement officer, the claim that tampering or substitution could have occurred during the period that the bag was lying on the ground does not rise to the level of error because the State is not required to negate remote possibilities of tampering or substitution. *Williams v. State*, (1979) Ind., 387 N.E.2d 1317.

There was sufficient evidence from which the jurors could find that the defendant exerted unauthorized control over the property of another with intent to deprive that person of any part of its value or use.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.