Tony L. HENLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8701–CR–96.

Supreme Court of Indiana.

Feb. 23, 1988.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Rape, a Class A felony, for which he received a sentence of fifty (50) years, Burglary, a Class B felony, for which he received a sentence of twenty (20) years, and Confinement, a Class B felony, for which he received a sentence of twenty (20) years, the sentences to run concurrently but consecutive to a sentence received in a prior conviction.

The facts are: In the late afternoon of May 21, 1986, appellant knocked on the front door of the victim's residence in northeast Indianapolis. When the victim came to the door, appellant asked the location of an address about a block away. When directed to that address, he asked the victim to use her telephone. The victim handed the telephone to appellant through the front door. After appellant presumably made a telephone call, he pushed the front door open against the victim and entered as she tried to close the door. Appellant then struck the victim a blow in the face. When she resisted, he struck her a second time causing her to fall to the floor.

Appellant immediately began to undress the victim but she escaped and fled to her kitchen. Appellant caught up with the victim, obtained a large knife from a wall rack and held it to the victim's throat and told her he would kill her if she resisted. He then forced her to lie on the floor on her stomach, removed her pants, and attempted to penetrate her vagina from the rear. He was unable at first to succeed because he did not have a full erection; he did, however, finally succeed in raping her in that position. The victim suffered extensive bruising on her face and head and her right hand was so injured as to require it to be placed in a splint at the hospital.

At trial, two other rape victims testified they had been raped by appellant within eight days after the rape of the present victim. These rapes had each occurred during the daytime at the victims' homes in the same neighborhood. In each case, appellant effected penetration from the rear and was at first unsuccessful because he did not have a full erection. In each case, he threatened to kill the victims.

■ Appellant claims there was insufficient evidence to support the verdict of the jury. While appellant concedes that the victim's testimony concerning the rape was adequate to establish the *corpus delicti,* he claims that her evidence was not clear and convincing on the identification of her attacker. However, in examining the record we perceive no hesitation whatever on the part of the victim in identifying appellant as her attacker. She was asked to describe appellant as he appeared at the time of the attack, including his hair style, his height, his weight, and his age. Appellant compares the victim's description of her attacker with the descriptions given by the other two women who identified appellant as their attacker.

Although all three women identified appellant without hesitation and each described his hair much the same as the others they did differ in their estimate of his age. The victim thought he was between fourteen and sixteen, whereas one of the women described him as approximately the same age as her youngest son who was twenty-four at the time of the attack. The third woman estimated him to be twenty to twenty-one. The victim estimated his height to be five feet two or three inches. One woman estimated his height to be five feet three and one-half inches, and the third woman estimated his height to be five feet six inches. They all agreed he was of slim build.

Although appellant argues that such a wide discrepancy exists among the descriptions given by the three women that their testimony should be considered incredible, we see no such wide discrepancy. All three women testified with appellant sitting in open court for the jury to see for themselves. When viewed in their entirety, the descriptions are remarkably similar. We see no reason to hold the evidence of identity so defective as to void the verdict of the jury.

■ Appellant also argues there is insufficient evidence to establish burglary, in that he claims he did not break into the

victim's residence but merely pushed past her through an open door. Although the victim opened her door in response to appellant's knock, she did not intend to allow him to enter her home which was clearly demonstrated by the fact she handed the telephone to him through the door. The fact that he used force to push the door farther open to gain entrance is ample evidence to sustain a conviction for burglary. *Howard v. State* (1982), Ind., 433 N.E.2d 753.

Appellant also claims there is a lack of showing that he had any intent to rape the victim at the time he entered her dwelling. In view of the fact that appellant immediately knocked the victim to the floor and started undressing her, there was certainly evidence from which the jury could deduce that he entered the dwelling with the intent to commit rape. *Id.*

Appellant claims the State failed in its proof on the charge of confinement, in that it was not shown that the victim tried to leave her residence after appellant entered nor was there any showing that appellant "forced" her to remain in the residence. He therefore reasons that there was no proof of confinement. The fact that appellant struck the victim and knocked her to the floor when he first entered her home, then pursued her into the kitchen where he obtained a knife from a wall rack and held it to her throat and threatened to kill her if she did not cooperate is sufficient to establish a confinement separate and apart from the rape. *Pyle v. State* (1985), Ind., 476 N.E.2d 124.

Appellant claims the trial court erred in permitting the testimony of two witnesses who testified that appellant had raped them on prior occasions. Appellant claims that the only similarity in the three crimes was that each was a rape. He contends that the circumstances were not otherwise similar enough to qualify as showing a common scheme or plan, or for identification of appellant. When the testimony of the witnesses is examined, however, we find that each rape occurred during the daytime at each victim's home in the same neighborhood.

In each case, the perpetrator effected penetration from the rear and at first was unsuccessful because he did not have a full erection. In each case, he threatened to kill the victim. Under the circumstances, the trial judge was justified in permitting the witnesses to testify. There was ample evidence from which the jury could deduce that appellant had followed a common scheme and plan in that neighborhood, and that the manner in which each of the rapes was accomplished served to identify him. We see no error in the admission of the testimony of the victims of other rapes. *Williams v. State* (1981), 275 Ind. 434, 417 N.E.2d 328.

Appellant claims the trial court erred in failing to give his Tendered Instructions Nos. 1, 2, and 3. His Tendered Instruction No. 1 concerned reasonable doubt. The trial court in its Instruction No. 16 gave a lengthy and correct explanation of the law on reasonable doubt. Reasonable doubt was further explained in the court's Instruction No. 18.

Appellant's Tendered Instruction No. 2 concerned identification testimony. Although the trial court in its instructions to the jury did not use the word "identification testimony," it did give Instruction No. 21 which instructed the jury on the credibility of witnesses and the weight that was to be given to their testimony. This instruction covered the matter which was contained in appellant's Tendered Instruction No. 2.

Appellant's Tendered Instruction No. 3 proposed to instruct the jury that if the State had failed to prove beyond a reasonable doubt that appellant was present at the time and place where the offense occurred he should be found not guilty. In the trial court's instructions to the jury, he read the charges in the Information to the jury and instructed them that the State had the burden to prove each of the allegations beyond a reasonable doubt. The judge's instructions also included a definition of each of the crimes charged with a statement that the State was required to prove each and every element of each crime.

The court also instructed the jury concerning the filing of appellant's notice of alibi. When the instructions are examined as a whole, it becomes abundantly clear that the jury could not possibly have believed that they could find appellant guilty and at the same time find that he was not at the victim's residence at the time of the alleged crime. When a tendered instruction is covered by instructions given, it is not error to refuse to give it. *Smith v. State* (1984), Ind., 468 N.E.2d 512.

■ Appellant claims the trial court erred in sentencing him to more than the presumptive sentence. Appellant claims the trial court did not properly find aggravating circumstances. Although the trial judge could have been more explicit in reciting the aggravating circumstances, he did state that he found further criminal activity, the stalking and terrorizing of the victims in the neighborhood, the seriousness of the offense, the trauma to the victims and their families, and the threats made to them during the rapes as aggravating circumstances. It is only necessary for a judge to recite a single valid aggravating factor in enhancing a sentence. *Rowley v. State* (1979), 271 Ind. 584, 394 N.E.2d 928. We find the trial judge's statement was sufficient to support the enhancement of the sentence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.