HOBBS *v.* LINDSEY, SHERIFF, ETC.

[No. 29,759.   Filed October 29, 1959.]

*Ralph W. Probst,* of Kendallville, for appellant.

*Louis G. Ketcham,* of Albion, for appellee.

ACHOR, C. J.—This is an appeal from the Noble Circuit Court, wherein the appellant was denied a writ of habeas corpus. The appellant petitioner had been charged with 21 separate indictments for alleged embezzlement from the Noble County Credit Union. The court had set his bond at a total amount of $171,400, a sum which petitioner asserted was both excessive and prohibitive to him. He asked relief by way of habeas corpus in that his bail be reduced to an amount more consistent with both the nature of the offenses and his financial ability. At the conclusion of appellant's evidence the state filed a motion to find for the defendant, which motion was sustained. The error assigned on appeal is the overruling of appellant's motion for new trial, one of the grounds therein being the sustaining of the motion to find for the defendant.

A decision in this case is doubly difficult because of the fact that the brief of the appellant casts little light on the very fundamental issues at hand, and we are not favored with any brief from the appellee. However, it is apparent that the basic issue involved here is whether or not the appellant, under the facts presented, was denied his constitutional right to be let to bail and a corresponding right that the amount of such bail shall not be excessive.

Article 1, §§16 and 17 of the Constitution of Indiana, provide:

> Excessive bail shall not be required. Excessive fines shall not be imposed. Cruel and unusual

punishment shall not be inflicted. All penalties shall be proportioned to the nature of the offense. (§16)

Offenses, other than murder or treason, shall be bailable by sufficient sureties. Murder or treason shall not be bailable, when the proof is evident, or the presumption strong. (§17)

In addition to the basic issue involved, appellant contends that instead of being charged under several separate indictments he should have been charged under only one indictment with separate counts of embezzlement based on the different dates and amounts. Further appellant asserts that, although charged by separate indictments, the court should have consolidated these indictments as separate counts, under a single cause of action. By so limiting the number of indictments, it is argued, the amount of bail would necessarily have to be reduced and brought within the reach of appellant. However, the appellant is not correct in assuming that there should have been but one indictment charging separate counts of embezzlement for different dates and amounts. Each taking of various amounts at different times constituted a separate and independent crime which need not be charged in a single indictment, but which were each separately indictable. *State* v. *Reichert* (1948), 226 Ind. 171, 78 N. E. 2d 785; *Glover* v. *State* (1887), 109 Ind. 391, 10 N. E. 282; *Weinzorpflin* v. *State* (1844), 7 Blackf. 186. Thus it was proper to charge the appellant under multiple indictments.

However, the fact that the appellant was properly charged in the above manner does not resolve the issue of excessiveness of bail. Bail in the amount of $171,400 could well be considered just as excessive on 21 indictments as it could on a single

charge, if other elements of unreasonableness are present. In resolving this question, appellee, at the outset, argues that the fixing of bail is a matter of judicial discretion and cites numerous cases in support of this fact. *Gregory* v. *State ex rel. Gudgel* (1883), 94 Ind. 384, 48 Am. St. Rep. 162; *State* v. *Winninger* (1881), 81 Ind. 51. However, this fact does not serve to deny this court the right and duty to review the action of the trial court where it is asserted that an abuse of discretion has resulted in the denial of the constitutional rights of an accused to be let to bail, which bail shall not be excessive.

A decision upon the question of excessiveness must be based upon two basic and related considerations: (1) The object of bail itself, and (2) the financial ability of the accused to provide the required amount of bail.

The object of bail very definitely is not to effect punishment in advance of conviction. It is equally true that, "excessive bail is not to be required for the purpose of preventing the prisoner from being admitted to bail." *People ex rel. Sammons* v. *Snow* (1930), 340 Ill. 464, 173 N. E. 8, 72 A. L. R. 798. So to fix bail amounts to denial of the right altogether. "In reaching a determination of the amount of bail, heed must be given the constitutional injunction against 'excessive bail.' " *People* v. *Gigante* (1957), 173 N. Y. S. 2d 971, 972.

The object of bail prior to trial is to insure "the presence of the accused when required without the hardship of incarceration before guilt has been proved and while the presumption of innocence is to be given effect." *United States ex rel. Rubinstein* v. *Mulcahy* (2d Cir. 1946), 155 F. 2d 1002, 1004. Also, *Green* v. *Petit* (1944), 222 Ind. 467, 54 N. E. 2d

281; *Ex Parte Leonardo* (1949), 86 Ohio App. 289, 89 N. E. 2d 502; *People ex rel. Shapiro* v. *Keeper of City Prison* (1943), 39 N. Y. S. 2d 526. The right to freedom by bail pending trial is an adjunct to that revered Anglo-Saxon aphorism which holds an accused to be innocent until his guilt is proven beyond a reasonable doubt. *Stack* v. *Boyle* (1951), 342 U. S. 1, 4, 72 S. Ct. 1; *United States ex rel. Rubinstein* v. *Mulcahy, supra.*

The right to freedom by bail pending trial is of especial significance to the accused who must prepare his defense in the interim.

What then is *excessive bail* as the term is applied to the objectives for which the right of bail was established? Mindful that the principal purpose of bail is the assurance of the accused party's presence in court, it has been correctly stated that "bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive' . . ." *Stack* v. *Boyle,* supra (342 U. S. 1, 72 S. Ct. 1).

Apart from the fact of the accused's financial position, the primary fact to be considered in determining an amount which would assure the accused's presence in court is the possible penalty which might be imposed by reason of the offense charged. These factors are repeatedly enumerated in the reported cases. See 72 A. L. R. 801.

In the instant case the trial court by rule made pursuant to the statute [§9-1014, Burns' 1956 Repl.], had fixed the bail for nonviolent offenses, including embezzlement, at $2,000. In the absence of any showing to the contrary, we must assume that this amount predetermined by the court was reasonable for the purpose of assuring the accused's presence in court, when required.

We have not been asked to do so, nor do we here express an opinion as to whether bail in the sum of $42,000, based upon the 21 separate indictments, would prima facie constitute either a reasonable or excessive bail under the circumstances. However, in the absence of other circumstances which might justify the prescribed bail of $171,400, it would appear that such bail was designed to *prevent* the accused being let to bail rather than to effect for him the right to bail which is constitutionally guaranteed.

Upon this subject, Mr. Chief Justice Vinson, speaking for the United States Supreme Court in *Stack* v. *Boyle, supra,* [342 U. S. 1, 5, 72 S. Ct. 1], stated:

> It is not denied that bail for each petitioner has been fixed in a sum much higher than that usually imposed for offenses with like penalties and yet there has been no factual showing to justify such action in this case. . . . To infer from the fact of indictment alone a need for bail in an unusually high amount is an arbitrary act. . . .
>
> If bail in an amount greater than that usually fixed for serious charges of crimes is required in the case of any of the petitioners, that is a matter to which evidence should be directed in a hearing so that the constitutional rights of each petitioner may be preserved. In the absence of such a showing, we are of the opinion that the fixing of bail before trial in these cases cannot be squared with the statutory and constitutional standards for admission to bail.

Finally we consider whether the accused's financial position or any other circumstances peculiar to the accused might have justified the abnormally high bail fixed by the court.[1]

In the instant case the appellant had made an assignment for the benefit of creditors. Thereafter

---

1. "The reasonableness of the amount is to be determined by

he had no money or property of his own with which to provide bail. To a man of great wealth bail in the sum of $171,400 might provide little deterent against the urge to flee the prospect of trial and imprisonment. However, under all the evidence in the record of this case it appears that amount of bail fixed for this accused was so beyond the means of the accused that to him it amounted to a denial of bail *per se*.

We are here confronted with a circumstance wherein the petitioner presented a strong if not compelling case in support of his petition by habeas corpus which asserts the bail fixed by the court was excessive, and prays that he be let to bail as provided by law.

Having thus made a prima facie case of excessiveness, the petitioner could rest and the burden then shift to the state to show the necessity or justification for the unusual amount of bail required. Conceivably this presumption of excessiveness might have been overcome by evidence of imminent threat of flight, the absence of family ties, etc. to the community, or that the accused may have concealed large sums of money which might provide a peculiar inducement to flight. However, this is not the record before us. Instead, at the conclusion of appellant's evidence, the state filed a motion to find for the defendant. This, in effect, admitted the verity of all the facts in evidence. *Spanier* v. *Spanier* (1951), 120 Ind. App. 700, 703, 96 N. E. 2d 346, 347; *Smith* v. *Switzer* (1933), 205 Ind. 404, 409, 186 N. E. 764, 766.

Under the evidence in the record the sustaining of

properly striking a balance between a need for a tie to the jurisdiction and the right to freedom from unnecessary restraint before conviction under the circumstances surrounding each particular accused." *United States ex rel. Rubinstein* v. *Mulcahy* (2d Cir. 1946), 155 F. 2d 1002.

the motion to find for the defendant constituted reversible error.

Judgment is therefore reversed, with instructions to sustain appellant's motion for new trial.

Judgment reversed.

Arterburn, Jackson and Landis, JJ., concur.

Bobbitt, J., concurs in the result.

NOTE.—Reported in 162 N. E. 2d 85.