**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**Bennie R. MONEY, a/k/a Benny R. Money, Appellee–Defendant.**

**No. 03A05–9410–CR–406.**

Court of Appeals of Indiana.

June 16, 1995.

Transfer Denied Aug. 17, 1995.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellant.

Julia Ann Caudill, Shari E. Kinnaird, Julia Ann Caudill & Associates, Columbus, for appellee.

## OPINION

SHARPNACK, Chief Judge.

The State of Indiana appeals the trial court's judgment dismissing criminal charges against Bennie R. Money a/k/a Benny R. Money. Money was charged on August 25, 1993, with count I, maintaining an open dump, and count II, illegal open burning, both class D felonies. We reverse and remand.

The State presents one issue for our review, which we restate as whether the trial court erred in dismissing the charge of illegal open burning against Money.

The information charging Money was supported by an affidavit in which Department of Natural Resources Officer Anthony Wilson swore that he had received a dispatch regarding a fire on the property located behind Money's residence. When Wilson reached the area, he saw a fire burning "various garbage, vehicle parts and tires which had been deposited in Benny Money's back yard." Record, p. 6. The dump also included "building materials, tires, shingles, vehicle gasoline tanks, household trash and a large rats' nest." *Id.*

In his motion to dismiss, filed March 11, 1994, Money argued that he could not be charged with illegal open burning because the waste alleged to have been present on his property did not fall within the applicable statutory definition of "solid waste." Ind. Code § 13–7–1–22. Affidavits filed with Money's motion to dismiss showed that the debris on Money's land was of the type commonly generated from personal residential use. At the hearing on the motion to dismiss, the State stipulated to the facts in Money's affidavits for the purposes of the motion to dismiss only. On June 22, 1994, the court granted Money's motion to dismiss, finding that "[b]y stipulating to the defendant's affidavits, the State has stipulated that the materials on the defendant's property are not solid waste under its definition found at I.C. 13–7–1–22." Record, p. 86.

The State argues that the trial court erred in dismissing the charge of illegal open burning against Money. The State disputes the trial court's interpretation of the statutory definition of "solid waste," and argues that the trial court erred in finding that the materials on Money's property, even as described in Money's affidavits, were not "solid waste."

■ Under I.C. § 13–7–4–1, "[n]o person may ... conduct any salvage operation or open dump by open burning or burn, cause, or allow the burning of any solid waste in a manner which violates either IC 13–1–1 or the rules adopted by the air pollution control board." I.C. § 13–7–4–1(7). "Solid waste" is defined in I.C. § 13–7–1–22 as follows:

" 'Solid waste' means any garbage, refuse, sludge from a waste treatment plant, sludge from a water supply treatment plant, sludge from an air pollution control facility, or other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, or agricultural operations or from community activities."

I.C. § 13–7–1–22.

The trial court construed the definition of "solid waste" as being modified in whole by the phrase "resulting from industrial, commercial, mining, or agricultural operations or from community activities." The State ar-

gues on appeal that this narrow construction of the statute is unwarranted and contrary to the intent of the legislature. We agree.

The purposes of Article 7, "Environmental Management," are set out by the legislature as

"to provide for evolving policies of a comprehensive environmental development and control on a statewide basis, to unify, coordinate, and implement programs to provide for the most beneficial use of the resources of the state, and to preserve, protect, and enhance the quality of the environment so that, to the extent possible, future generations will be ensured clean air, clean water, and a healthful environment."

I.C. § 13–7–1–1(a). The legislature further provided that "[b]eing necessary for the public health, safety, and welfare, this article shall be liberally construed to effectuate the purposes thereof." I.C. § 13–7–16–9. Thus, while a liberal construction is statutorily mandated, we need look no further than the plain language of the statute to see the trial court's error.

First, the use of the word "any" to modify "garbage, refuse," etc., implies that the definition is unrestricted as to the type or source of the solid waste. Second, as the statute is worded, it would be redundant to construe the clause "resulting from industrial, commercial, mining, or agricultural operations or from community activities" as modifying each of the categories of refuse described in the statute. One would not modify "sludge from a waste treatment plant," "sludge from a water supply treatment plant," or "sludge from an air pollution control facility" with "resulting from industrial, commercial, mining, or agricultural operations or from community activities." The last phrase in the statute modifies only the phrase "solid, liquid, semisolid, or contained gaseous material," and we disagree with Money's contention that the phrase beginning with "resulting from" is a restrictive clause because it would change the meaning of the whole sentence. Third, the statute is worded to include within the phrase "other discarded material" the various materials described thereafter, but not to limit that phrase to those materials.

Thus, residential trash is included within the scope of the definition of "solid waste" in I.C. § 13–7–1–22.

Money argues that I.C. § 36–9–30–35 should have been applied to the case at bar, rather than I.C. § 13–7–4–1. I.C. § 36–9–30–35 prohibits a person from maintaining an open dump, which offense is classified as a class C infraction. Money contends that the policy and purpose of Title 13 are distinct from the policy and purpose of Title 36, which seeks to prevent health hazards on a residential rather than commercial scale. Money also points out that in case law, Title 13 has been applied exclusively to industrial and commercial establishments, while Title 36 has been applied broadly to both private individuals and to industrial and commercial entities. *See e.g., State Ex Rel. Prosser v. Ind. Waste Sys.* (1992), Ind.App., 603 N.E.2d 181 (applying Title 13 to a city dump), and *Blair v. Anderson* (1991), Ind.App., 570 N.E.2d 1337 (applying Title 36 to a private landowner).

The question before us is not whether it would have been more appropriate to charge Money under one or the other of these provisions, but whether the information charging Money with illegal opening burning was sufficient. "Generally, the sufficiency of an information is tested by taking the facts alleged therein as true." *State v. Houser* (1993), Ind.App., 622 N.E.2d 987, 988. An information must allege facts sufficient in law to support a conviction and to inform a defendant of the charge against him. *Id.* In the present case, the charging information alleged sufficient facts to constitute the offense of illegal open burning under I.C. § 13–7–4–1.

Accordingly, we conclude that the trial court erred in dismissing Count II against Money. We reverse and remand to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

ROBERTSON and RUCKER, JJ., concur.