David HAYNES, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 49A02–9505–CR–279.

Court of Appeals of Indiana.

Oct. 17, 1995.

Steven R. Jacobs, Indianapolis, for appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for appellee.

**OPINION**

ROBERTSON, Judge.

David Haynes appeals his convictions of intimidation and harassment. He claims that his convictions of those offenses, which were based upon a single telephone call, violate double jeopardy principles. He also claims the trial judge improperly denied his motion for recusal of judge. We affirm.

Haynes received convictions of criminal mischief, a class B misdemeanor; intimidation, a class D felony; harassment, a class B misdemeanor; harassment, a class B misdemeanor; intimidation, a class D felony; and harassment, a class B misdemeanor. The present appeal involves the one count of intimidation and the one count of harassment which stem from a telephone call Haynes made to the victim on December 21, 1993.

The evidence reveals that Haynes dated Melanie McQueen after her divorce from Wayne McQueen. In December of 1993, Haynes placed several telephone calls to Melanie at her apartment during which he threatened her and cursed at her. Melanie went to Wayne's house, but Haynes appeared and bashed Wayne's truck with a tire iron. Haynes also placed several threatening telephone calls to Wayne and to Melanie's mother. He then made other threatening telephone calls to Melanie at home and at work.

I

Haynes bases his double jeopardy claim upon the following charges, respectively, of intimidation and harassment:

COUNT IV

David W. Haynes, on or about December 31, 1993, did communicate to Melanie McQueen an expression of intention to unlawfully injure Melanie McQueen by means of a forcible felony, that is: to "bash her head in", with the intent that Melanie McQueen be placed in fear of retaliation for a prior lawful act, that is: assisting law enforcement in an investigation involving David W. Haynes, and the person to whom the threat is communicated is a witness in a pending criminal proceeding against David W. Haynes ...

COUNT V

David W. Haynes, on or about December 31, 1993, with intent to harass, annoy, or alarm another person, namely: Melanie McQueen, but with no intent of legitimate communication, made a telephone call, whether or not a conversation ensued, to Melanie McQueen ...

■ With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause of the United States Constitution does no more than prevent the sentencing court from prescribing greater punishment than the legislature had intended. *Collins v. State* (1995), Ind.App., 645 N.E.2d 1089, 1092 (citing *Missouri v. Hunter* (1983), 459 U.S. 359, 367, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535). Where a state legislature specifically authorizes cumulative punishment under two statutes, a reviewing court's task of statutory construction is at an end and the trial court may constitutionally impose cumulative punishment under those statutes in a single trial. *Id.* In an effort to discern such legislative intent, Indiana courts have used the "same elements" test even though it does not necessarily control the inquiry into a state legislature's intent. *Id.* That test provides:

where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Id.* (quoting *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306).

Indiana Code Section 35–45–2–1, defines the offense of intimidation, in pertinent part:

(a) A person who communicates a threat to another person, with the intent that:

&ast; &ast; &ast; &ast; &ast; &ast;

(2) the other person be placed in fear of retaliation for a prior lawful act;

commits intimidation, a Class A misdemeanor.

(b) However, the offense is a:

(1) Class D felony if:

&ast; &ast; &ast; &ast; &ast; &ast;

(B) the person to whom the threat is communicated:

&ast; &ast; &ast; &ast; &ast; &ast;

(iii) is a witness ... in any pending criminal proceeding against the person making the threat ...

A "threat" means an expression, by words or action, of an intention to, inter alia, unlawfully injury the person threatened. I.C. 35–45–2–1(c)(1). Further, I.C. 35–45–2–2 defines the offense of harassment, in pertinent part:

(A) A person who, with intent to harass, annoy, or alarm another person but with no intent of legitimate communication:

(1) makes a telephone call, whether or not a conversation ensues;

&ast; &ast; &ast; &ast; &ast; &ast;

commits harassment, a Class B misdemeanor.

A comparison of the statutes shows that intimidation requires proof of an additional fact which harassment does not, that is, the perpetrator entertains the intent that the other person be placed in fear of retaliation for a prior lawful act. A comparison further shows that harassment requires proof of an additional fact which intimidation does not, that is, the perpetrator entertains the intent to harass, annoy, or alarm the other person. Intimidation and harassment are two offenses under the same elements test. We conclude the legislature intended that cumulative punishments be allowed for convictions under those statutes in a single trial.

In Indiana, a double jeopardy analysis does not end with an evaluation and comparison of the statutory provisions alone; one must look to the manner in which the offenses are charged. *Collins*, 645 N.E.2d at 1094. As shown above, COUNT IV charged that Haynes had acted "with the intent that Melanie McQueen be placed in fear of retaliation for a prior lawful act." In COUNT V, the State charged that Haynes had acted, "with intent to harass, annoy, or alarm another person, namely: Melanie McQueen." An examination of the manner in which the offenses are charged reveals that the crimes are separate offenses. Thus, the trial court did not prescribe a greater punishment than the legislature had intended. The convictions and sentences therefore were not the subjects of a double jeopardy violation.

## II

Haynes claims the trial judge should have granted his motion for recusal due to the judge's actual bias and prejudice. The law presumes, however, that a judge is unbiased and unprejudiced. *Stanger v. State* (1989), Ind.App., 545 N.E.2d 1105, 1118. Bias or prejudice exists only where there is an undisputed claim or the judge has expressed an opinion on the merits of the controversy. *Id.*

Haynes first claims the trial judge exhibited prejudice in the proceedings held to establish his bond. The record reveals the following:

THE COURT: Well, Mr. Haynes, based on your demeanor today and the fact that I think you misled the court about your criminal history and what you have pending, I'm going to put a high bond on you. You've got a motion to revoke bond pending on these other two (2) cases and I have very little faith you are stable enough to obey court orders that would be issued as a condition of your pre-trial release ...

DEFENDANT: Ma'am, I haven't did nothing. All I went down is to try to file ...

THE COURT: Your bond is going to be twenty thousand dollars ($20,000) cash ...

*DEFENDANT:* Fuck it, take me to jail. I'm out of here. I'm tired of this—that's what they're trying to do. Man, I can't fuckin win.

*THE COURT:* Okay. Your bond is one hundred thousand dollars ($100,000) cash.

In setting and accepting an amount of bail, the judicial officer shall take into account all facts relevant to the risk on nonappearance, including, inter alia, any factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant might not recognize and adhere to the authority of the court to bring him to trial. I.C. 35–33–8–4(b)(9). The trial judge here reasonably could have considered Haynes' outburst as evidence of instability and a disdain for authority which indicated he might not recognize and adhere to the authority of the court to bring him to trial.

Haynes next claims the trial judge exhibited prejudice in the admission of an audio tape. The State had attempted to gain admission of the tape several times, and the trial judge ultimately admitted the tape into evidence. Haynes, however, has not demonstrated how the tape was improper and prejudicial. This Court will not consider a defendant's contentions which are unsupported by authority. *Mftari v. State* (1989), Ind., 537 N.E.2d 469, 474.

■ Haynes claims the trial judge exhibited prejudice when the judge refused to accept his guilty plea. Specifically, he claims that the judge's knowledge that he had attempted to plead guilty contributed to the prejudice and bias on the part of the judge. The act of rejecting a plea bargain, however, is not sufficient to establish bias and prejudice of the trial court. *Beland v. State* (1985), Ind., 476 N.E.2d 843, 845.

■ Haynes finally claims the trial judge exhibited prejudice at sentencing. Specifically, Haynes notes that the trial judge denied his request for a delay and sentenced him to a consecutive term. Adverse rulings or the imposition of the maximum possible sentence, however, do not support a claim of bias. *Cook v. State* (1993), Ind.App., 612 N.E.2d 1085, 1088. The denial of Haynes' request and the imposition of a consecutive sentence likewise do not support a claim of bias and prejudice.

The record demonstrates that trial judge did not express an opinion on the merits of the case. Further, Haynes has not established the undisputed existence of bias or prejudice on the part of the judge. He therefore has not shown the trial judge committed error in the denial of his motion for recusal.

Judgment affirmed.

NAJAM and RILEY, JJ., concur.