Danny J. RAY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9609–CR–593.

Court of Appeals of Indiana.

May 28, 1997.

Record at 104.

Thomas L. Hulse, Christopher A. Cage, Anderson, for Appellant–Defendant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Danny J. Ray appeals the trial court's order that he be held without bail pending trial on charges of Stalking and Intimidation. We reverse.

### ISSUE

Ray presents several issues for our review which we restate as one: Whether the trial court erred when it revoked Ray's bail and ordered him held without bail pending trial.

### FACTS AND PROCEDURAL HISTORY

On July 26, 1996, the State charged Ray by information with one count of Stalking, as a Class D felony, one count of Stalking, as a Class B felony[1], and one count of Intimidation, as a Class D felony. The court issued a warrant for Ray's arrest and set bail at $20,000.00. Following Ray's arrest on the charges, Ray moved to dismiss the information based upon alleged defects. On August 26, 1996, during the hearing on Ray's motion to dismiss, the State made an oral motion to increase Ray's bail. The court ordered that a hearing be held on the matter the next day. Thereafter, on August 27, 1996, the parties appeared for hearing on the State's motion to increase bail. During the hearing, the State argued to the court that instead of increasing Ray's bail, Ray should be held without bail. The State argued that the fact that Ray had been convicted one year earlier of stalking the same victim was grounds to revoke the prior bail order and to detain Ray without bail pending trial. The court agreed with the State and ordered Ray held without bail pending trial. Ray appeals that decision.

---

1. The charge of stalking as a Class B felony is a grade enhancement of the Class D felony charge based upon Ray's prior conviction for stalking against the same victim. *See* IND CODE § 35–35–10–3(c)(2).

## DISCUSSION AND DECISION

██ Despite the State's arguments to the contrary, we begin our opinion with a discussion of what we believe to be the long standing "right to bail" recognized in Indiana. As this court has stated, "the right to freedom by bail pending trial is interrelated to the Anglo–Saxon doctrine that one accused is presumed innocent until his guilt is proven beyond a reasonable doubt." *Hobbs v. Lindsey, Sheriff, etc.,* 240 Ind. 74, 79, 162 N.E.2d 85, 88 (1959); *Sherelis v. State,* 452 N.E.2d 411, 413 (Ind.Ct.App.1983). Due to the presumption of innocence, "[t]he object of bail very definitely is not to effect punishment in advance of conviction." *Hobbs,* 240 Ind. at 78, 162 N.E.2d at 88. Instead, the purpose of pre-trial bail is to allow an accused the opportunity to properly prepare his defense while also serving to insure his presence at trial. *Sherelis,* 452 N.E.2d at 413.

██ Similar to the constitutions of a majority of states, the Indiana Constitution makes all offenses bailable, with the qualified exception of capital crimes. *See Petition of Humphrey,* 601 P.2d 103, 105 (Okla.Crim. App.1979). Specifically, the Indiana Constitution, Article 1, § 17 provides as follows:

> Offenses, other than murder or treason, shall be bailable by sufficient sureties. Murder or treason shall not be bailable, when the proof is evident, or the presumption strong.

As the *Humphrey* court found when interpreting essentially the same language found in the Oklahoma Constitution, we find the language of the section to be unambiguous— its mandate clear. *Humphrey,* 601 P.2d at 105. Aside from the listed qualified exceptions, the statement that all offenses "shall be bailable" provides, without equivocation, the "right" to have bail set pending trial. *See Simms v. Oedekoven,* 839 P.2d 381, 385

(Wyo.1992). Indeed, several Indiana courts have cited Article 1, § 17 as providing the constitutional "right to bail." *See e.g. Platt v. State,* 664 N.E.2d 357, 362 (Ind.Ct.App. 1996), *trans. denied; Mott v. State,* 490 N.E.2d 1125, 1126 (Ind.Ct.App.1986).

██ In providing a constitutional right to bail, the Indiana Constitution affords a greater right than that provided by the United States Constitution. The federal counterpart to Article 1, § 17 does not contain a "right to bail" provision.[2] The Eighth Amendment guarantees only that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Supreme Court has held that because the Eighth Amendment does not provide a "right to bail," it can be construed only as a prohibition against excessive bail in those cases in which it is proper. *Carlson v. Landon,* 342 U.S. 524, 545–46, 72 S.Ct. 525, 536– 37, 96 L.Ed. 547 (1952). Article 1, § 16 of the Indiana Constitution contains a similar prohibition against excessive bail.[3]

In the instant case we are not confronted with the excessiveness of the amount of Ray's bail, as the trial court ordered that Ray be held without bail. Thus, neither the Eighth Amendment nor Article 1, § 16 of the Indiana Constitution are implicated. Moreover, we are not confronted with the denial of bail per se under Article 1, § 17 of the Indiana Constitution, as bail was originally set by the trial court at $20,000.00. Instead, we are faced with the revocation of bail.

Our legislature has provided that a defendant may, based upon his conduct, forfeit his right to bail once bail has been set. Indiana Code § 35–33–8–5 provides for the alteration or revocation of bail upon a showing of good cause.[4] That section states in relevant part:

---

2. The protections provided by the Indiana Constitution may be more extensive than those provided by its federal constitutional counterparts. *Taylor v. State,* 639 N.E.2d 1052, 1053 (Ind.Ct. App.1994).

3. The text of that section reads:
 Excessive bail shall not be required. Excessive fines shall not be imposed. Cruel and unusual punishments shall not be inflicted. All penal-

ties shall be proportioned to the nature of the offense.

4. We note that Ray does not challenge the constitutionality of the Code's bail revocation provision. Accordingly, in this appeal, we do not consider whether Indiana Code § 35–33–8–5(d) conflicts with the right to bail guaranteed by Article 1, § 17 of the Indiana Constitution.

(a) Upon a showing of good cause, the state or the defendant may be granted an alteration or revocation of bail by application to the court before which the proceeding is pending. In reviewing a motion for alteration or revocation of bail, credible hearsay evidence is admissible to establish good cause.

\* \* \* \* \* \*

(d) The court may *revoke* bail or an order for release on personal recognizance upon clear and convincing proof by the state that *while admitted to bail* the defendant:

 (1) or his agent threatened or intimidated a victim, prospective witnesses, or jurors concerning the pending criminal proceeding or any other matter;

 (2) or his agent attempted to conceal or destroy evidence relating to the pending criminal proceeding;

 (3) violated any condition of his current release order;

 (4) failed to appear before the court as ordered at any critical stage of the proceedings; or

 (5) committed a felony or a Class A misdemeanor that demonstrates instability and a disdain for the court's authority to bring him to trial.

IND.CODE § 35–33–8–5 (emphasis added). Thus, to obtain a revocation of Ray's bail, the State was required to show that while admitted to bail, Ray engaged in one of the types of misconduct enumerated above.

Here, the court based its revocation of bail on what may be referred to as the new "community safety" exception to a different code section, Indiana Code § 35–33–8–4(b). However, we conclude that neither that exception nor Indiana Code § 35–33–8–4(b) applies in this case.

■ We agree with the State that prior to July 1, 1996, the amount of bail set was considered excessive only where the amount represented a figure higher than that reasonably calculated to assure the defendant's presence at trial. *Sherelis,* 452 N.E.2d at 413. However, the legislature amended Indiana Code § 35–33–8–4(b) to provide that, in *setting* the amount of bail, the court may also consider the amount reasonably required "to assure the physical safety of another person or the community if the court finds by clear and convincing evidence that the defendant poses a risk to the physical safety of another person or the community." Accordingly, both insuring a defendant's presence at trial and community safety may be considered in setting bail for defendants in Indiana.

Nevertheless, as already observed, we are confronted with the revocation of bail and not the original grant or denial of bail. Therefore, the community safety consideration for determining the amount of bail does not apply, as we are constrained by the parameters set by our legislature when drafting the provisions concerning bail revocation contained in Indiana Code § 35–33–8–5(d).[5]

■ Furthermore, we are not persuaded by the State's attempt to couch the trial court's action in this case as an "increase" in bail rather than a revocation. Although the prosecutor originally moved for an increase in the original $20,000 bond, the trial court's order that he be held without bail pending trial clearly constituted a revocation of bail. Indiana Code § 35–33–8–5(b), which discusses the relevant evidence to be considered by the court when increasing bail, does not apply.[6]

> When the state presents additional evidence relevant to a high risk of nonappearance, based on the factors set forth in section 4(b) of this chapter, the court may increase bail.

Although we do not address whether a trial court may consider community safety when increasing the amount of bail, we find telling the absence of a reference to community safety in this section. Due to the language limiting the evidence relevant to an increase in bail to only that evidence concerning high risk of nonappearance, community safety would not seem to be a proper consideration. The mere reference to "the factors set

**5.** We have located one Northern District of Indiana decision in which the court recognized the inherent authority to revoke bail based upon a finding that the defendant's conduct while released on bond poses a danger to the public. *United States v. Markowski,* 582 F.Supp. 1276 (N.D.Ind.1984). However, that case is neither controlling nor persuasive upon our decision here, as the court in *Markowski* applied federal law which is dissimilar to our state's constitutional and statutory provisions.

**6.** That section provides as follows:

Evidence that Ray had a prior conviction for stalking the same victim was insufficient, as a matter of law, to support the court's revocation of bail under Indiana Code § 35–33–8–5. Although the decision on the amount of bail under Indiana Code § 35–38–8–4(b) is within the sound discretion of the trial court, *Mott*, 490 N.E.2d at 1127, and while community safety is a proper consideration in setting that amount, the revocation of bail is governed by a separate code section. The state introduced no evidence and failed to establish any grounds for revoking bail for Ray. The trial court's order is reversed.

Reversed.

HOFFMAN, J., concurs.

STATON, J., concurs in result with separate opinion.

STATON, Judge, concurring in result.

I concur in result for the following reasons:

1. The clear intent of the legislature has been obscured by a punctilio between two statutes: the before and after syndrome. [IC 35–33–8–5 and IC 35–33–8–4(b) ]. The distinction relied upon is "setting bail" versus revocation of bail "while admitted to bail." The statutes must be read together.

2. The Majority embraces the statutory concept that the trial court is helpless to reconsider the amount of bail unless one of the conditions expressed in IC 35–33–8–5(d)(1–5) has been committed "while admitted to bail." I disagree. Ray had previously been convicted of stalking the same person less than a year ago. It is clear that the legislature intended to protect the physical safety of potential victims by setting the appropriate amount of bail. It is equally clear that the trial court is not limited only to evidence of acts committed while admitted to bail. The statutes must be read together.

forth in section 4(b)'' would be insufficient to bring the consideration of community safety

3. Under the proper set of circumstances and where the evidence is clear and convincing, the trial court has the inherent power to revoke the bond of a defendant. *United States v. Markowski*, 582 F.Supp. 1276 (N.D.Ind.1984). Evidence that Ray had been convicted of stalking the same victim a year earlier is some evidence of instability and disdain for the authority of the court. However, without more, the evidence is insufficient to support a cause for revoking Ray's bail. *See also Haynes v. State*, 656 N.E.2d 505 (Ind.Ct.App. 1995).

For the above reasons, I concur in result.