

 Christopher A. Cage, Hulse Lacey Hardacre Austin & Shine, P.C., Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, for Appellee.

Brian Aaron **PERKINS**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee.

No. 48A02-9707-CR-446.

Court of Appeals of Indiana.

April 20, 1998.

## OPINION

SULLIVAN, Judge.

Appellant, Brian Aaron Perkins (Perkins), appeals the order of the trial court revoking his bail upon the charge of Arson.[1]

We reverse and remand.

On October 4, 1994, the Flair Design Limited factory in Alexandria was destroyed by fire. One firefighter sustained injuries during the blaze, and the estimated financial loss was $23,398,700. Subsequently, on May 22, 1997, Perkins admitted that he started the fire at the factory and that he also committed an armed robbery in 1991. At the time of both offenses, Perkins was a reserve officer with the Alexandria Police Department.

---

**1.** I.C. 35–43–1–1 (Burns Code Ed.Repl.1994).

On May 28, 1997, the court concluded that there was probable cause to arrest Perkins for Arson and set bail at $250,000. Thereafter, the court denied Perkins' motion to reduce bail and ordered that he be held without bond based upon the recommendation of the prosecutor.

The sole issue upon appeal is whether I.C. 35–33–8–5(d) (Burns Code Ed.Repl.1994) presents the exclusive means by which a court may revoke bail.[2] The relevant portions of the statute provide:

"(a) Upon a showing of good cause, the state or the defendant may be granted an alteration or revocation of bail by application to the court before which the proceeding is pending. In reviewing a motion for alteration or revocation of bail, credible hearsay evidence is admissible to establish good cause.

\* \* \* \* \* \*

(d) The court may revoke bail or an order for release on personal recognizance upon clear and convincing proof by the state that while admitted to bail the defendant:

(1) Or his agent threatened or intimidated a victim, prospective witnesses, or jurors concerning the pending criminal proceeding or any other matter;

(2) Or his agent attempted to conceal or destroy evidence relating to the pending criminal proceeding;

(3) Violated any condition of his current release order;

(4) Failed to appear before the court as ordered at any critical stage of the proceedings; or

(5) Committed a felony or a Class A misdemeanor that demonstrates instability and a disdain for the court's authority to bring him to trial."

In *Ray v. State* (1997) Ind.App., 679 N.E.2d 1364, the court held that the trial court erred in revoking the bail of a defendant who was previously convicted of stalking the same victim. Pursuant to I.C. 35–33–8–5(a), the trial court concluded that the State demonstrated "good cause" to revoke the defendant's bail based upon the "community safety" factor of I.C. 35–33–8–4(b) (Burns Code Ed.Supp.1997), which relates to the amount of the bail deemed reasonable.[3] *Id.* at 1366. Upon appeal, however, another panel of this court determined that bail may only be revoked upon satisfaction of one of the enumerated items in I.C. 35–33–8–5(d). *Id.* at 1367. Because the defendant violated none of these provisions, the panel reasoned that the trial court erred in revoking bail.

■ In the present case, the State requests that this court reconsider the *Ray* decision and conclude that bail may be revoked upon any showing of "good cause". However, this approach would render subsection (d) meaningless.[4] Accordingly, we decline to adopt the State's reasoning. As stated in *Brook v. State* (1983) Ind.App., 448 N.E.2d 1249, 1251: "[A]ll statutory language is deemed to have been used intentionally and words or clauses in a statute are to be treated as surplusage only in the absence of any other possible course." We interpret the language of I.C. 35–33–8–5(d) to clarify the meaning of "good cause", a construction which harmonizes the entire statute and renders no portion surplusage. *See generally Jones v. State* (1991) Ind.App., 569 N.E.2d 975, 978.

The dissent posits that its construction of the statute is favored because it minimizes redundancy and promotes sound public policy. Initially, we view our interpretation of the statute as elucidating, not redundant. With regard to revocation of bail, as opposed to alteration, subsection (d) restricts those matters which may be held to constitute

---

**2.** Article I, Section 17 of the Indiana Constitution provides that, with the exception of capital crimes, all offenses are bailable. *See Ray v. State* (1997) Ind.App., 679 N.E.2d 1364, 1366.

**3.** I.C. 35–33–8–4 pertains to the initial bail determination by the trial court, not to subsequent motions to increase, decrease or revoke. *See id.* at 1367.

**4.** The two subsections may be held to be separate and independent only if the conditions enumerated in I.C. 35–33–8–5(d) do not constitute "good cause" under subsection (a). Neither party advances this argument.

"good cause" under subsection (a). Alteration of bail is not, however, so limited.

As to the public policy assertion of the dissent, we do not disagree. The result obtained by the dissent's construction may well reflect a more preferable policy. However, it is the prerogative of the legislature, not that of the courts, to effect such change. Our obligation is solely to interpret.

■ Therefore, we will affirm the trial court's order only if the reasons which prompted revocation of bail are encompassed within I.C. 35–33–8–5(d). In the present case, the lower court provided the following rationale:

> "The Court finds in this case that good cause has been shown to revoke bail. The good cause that the Court finds is, the character, reputation, habit and mental condition of the defendant. The Court finds that while he was a police officer he has admitted to having committed various crimes in this county. That surely has a very negative influence upon his reputation, it would also tend to show that holding himself out to be a police officer, he exhibited some of the worst habits by committing some of the most heinous crimes in our criminal code. Also the mental condition would indicate based upon testimony here today that he may have an unstable mental condition. Court also finds that showing of good cause is the nature and gravity of the offense, which was an Arson, and also he has admitted to an Armed Robbery and the potential non-suspendable penalty that is faced also are relevant to the risk of non-appearance. Also the fact that was testified to, that while he was on route to being arrested and probably anticipated being arrested, that he suggested to a fellow police officer that the fellow police officer should assist him in fleeing apprehension. For that reason the Court finds that bond shall be revoked and he be held without bail." Record at 97–98.

Because I.C. 35–33–8–5(d) validates none of these reasons as grounds for revoking bail [5], we conclude that the trial court erred.

The order is reversed and the matter remanded for further proceedings.

KIRSCH, J., concurs.

FRIEDLANDER, J., dissents with opinion.

## FRIEDLANDER, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the trial court erred in revoking bail.

On the day that formal arson charges were filed against Perkins, an initial hearing was conducted at which Perkins's counsel filed a motion requesting that Perkins be released on his own recognizance or, in the alternative, that bond be reduced. The prosecuting attorney conducted an *ex parte* communication with the judge that evening and asked the court to increase the amount of the bond to no bond. The court granted the request pending a hearing. At the June 2 hearing on Perkins's motion for reduction of bond and the State's motion for revocation of bond, the prosecutor introduced evidence indicating that, in addition to committing the aforementioned crimes, Perkins was at risk for committing suicide. Following the hearing the court revoked bond and ordered that Perkins be held without bail.

The parties acknowledge, and I agree, that the revocation of bail is governed by IC § 35–33–8–5. The question presented in this appeal concerns the restrictions that provision places upon a trial court's power to revoke bond. Citing *Ray v. State*, 679 N.E.2d 1364, the majority concludes that, once bail has been set, it may be revoked only pursuant to subsection (d). Subsection (d) provides that if the State proves by clear and convincing evidence that, while admitted to bail, the defendant committed any one of five acts enumerated in subsection (d), the court is empowered to revoke bail. I cannot agree with the conclusion of both the *Ray*

---

**5.** If proven, the Arson charge reflects extremely culpable conduct as do the previous crimes committed. Additionally, it should be clear that Perkins has violated the confidence placed in him as a police officer. Nevertheless, as stated, such factors are not grounds for bail revocation, as opposed to alteration.

panel and the majority in the instant case that the acts listed in subsection (d) are the only grounds for which a trial court may revoke bail after it has initially been set.

It is true, as the *Ray* panel noted, that revocation of bail is authorized under subsection (d) when two conditions are met. First, the defendant must have committed one of the acts listed in the statute. Second, that act must have been committed *"while admitted to bail." Ray v. State,* 679 N.E.2d at 1367 (emphasis in original). I disagree with the reasoning embraced by both the majority and the *Ray* panel to the extent it restricts a trial court's power to revoke bail only to the provisions of subsection (d), thereby rendering the trial court "helpless", *see id.* at 1368 (Staton, J., concurring in result), to reconsider the amount of bail unless the conditions of IC § 35–33–8–5(d)(1–5) have been met. I agree with the view expressed by Judge Staton in his separate concurrence in *Ray* that, separate and distinct from subsection (d), "[u]nder the proper set of circumstances and where the evidence is clear and convincing, the trial court has the inherent power to revoke the bond of a defendant." *Id.* at 1368 (Staton, J., concurring in result).

The statutory authority for this view is found in IC § 35–33–8–5(a), which permits the revocation of bail "upon a showing of good cause." I believe that subsection (a) provides a basis for revoking bail that is independent of subsection (d). To view it otherwise, *e.g.,* to view subsection (d) as a clarification of subsection (a), would render subsection (a) redundant. *See State v. Money,* 651 N.E.2d 344 (Ind.Ct.App.1995), *trans. denied* (statutes should be interpreted so as to avoid redundancy wherever possible). I interpret subsection (a) as affording broad discretion to revoke bail in situations other than when one of the enumerated acts is committed while a defendant is free on bail. The vesting of such discretion in trial courts is not only consistent with the plain meaning of IC § 35–33–8–5(a), but also comports with sound public policy. For instance, constrained by the provisions of subsection (d), a trial court would be powerless to revoke the bond of a defendant when, for instance, the court learns after setting bond that the de-fendant poses a greater risk of flight or a greater threat to society or self than was known at the time bond was set.

Therefore, I would hold that a court may revoke bail upon a showing of good cause under IC § 35–33–8–5(a), without regard to whether IC § 35–33–8–5(d) applies, and disagree with the majority and *Ray v. State,* 679 N.E.2d 1364 to the extent they hold otherwise. In view of my conclusion that subsection (a) authorizes revocation for "good cause", I will briefly examine whether the reasons cited by the court for revoking Perkins's bail constitute "good cause" within the meaning of IC § 35–33–8–5(a).

The majority quotes that part of the record in which the trial court set forth the reasons for revoking bail and I need not reproduce that explanation here. To summarize, the court revoked bail because: (1) Perkins exhibited signs of mental instability and was perhaps a suicide risk; (2) Perkins had admitted committing an unrelated, un-charged armed robbery; (3) Perkins had committed the aforementioned criminal acts while he was a law enforcement officer; and (4) Perkins posed a substantial risk of flight in view of the facts that he had asked a fellow police officer to help him resist or avoid the initial arrest, and the potential penalty for the crime with which he was charged was nonsuspendable.

I view the general "good cause" requirement in IC § 35–33–5–8(a) as vesting trial courts with wide discretion when considering requests to revoke bond and conclude that, in view of the risk of flight posed by Perkins, the risk to self and others, and Perkins's mental instability, the trial court did not abuse its discretion in granting the State's request to revoke bond. I would affirm the judgment.